IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

V.                                                           CAUSE NO. 3:17-CR-104-CWR-LRA-3

WILLIE JOE MASON, JR.                                                            DEFENDANT

### ORDER

Before the Court is Willie Joe Mason, Jr.'s motion for compassionate release. Docket No. 58. The Court has reviewed the presentence report, the letters of recommendation presented to the sentencing judge, the relevant briefs, and the medical records Mason's attorney submitted alongside the motion. For the reasons that follow, the motion is granted.

**I.      Background**

In 2018, Willie Joe Mason, Jr. pleaded guilty to one count of conspiracy to distribute a controlled substance. U.S. District Judge William H. Barbour, Jr. sentenced him to serve 36 months in federal prison, to be followed by a three-year period of supervised release.

In May 2020, Mason, through counsel, filed the present motion for compassionate release.[1] He says he is highly susceptible to severe injuries or death caused by the coronavirus[2] because he has asthma and is HIV positive. He further states that the coronavirus has devastated

---

[1] When Judge Barbour retired, Chief Judge Jordan reassigned this case to this Court.

[2] The Fifth Circuit explained the pandemic as follows:

> As all are painfully aware, our nation faces a public health emergency caused by the exponential spread of COVID-19, the respiratory disease caused by the novel coronavirus SARS-CoV-2. . . . The virus is spreading very easily and sustainably throughout the country, with cases confirmed in all fifty states, the District of Columbia, and several territories. Over the past two weeks, confirmed cases in the United States have increased by over 2,000%. Federal projections estimate that, even with mitigation efforts, between 100,000 and 240,000 people in the United States could die.

*In re Abbott*, 954 F.3d 772, 779 (5th Cir. 2020) (quotation marks and citations omitted). Those projections were, tragically, correct.

the Bureau of Prisons facility in which he is incarcerated—the low-security camp at FCI Forrest City, Arkansas.

There is no dispute that Mason properly exhausted his administrative remedies. He asked prison officials for compassionate release on April 4, 2020. They did not respond to his request. This motion followed on May 12, 2020.

Under the status quo, Mason is eligible for home confinement on April 14, 2021, and is scheduled to be released from BOP custody on July 31, 2021.

The government opposes relief.

## II. Law

Mason's request is brought under 18 U.S.C. § 3582. The relevant part of that statute says that the Court:

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## III. Discussion

The analysis begins with a recounting of Mason's conduct before the Court in 2018.

While his criminal case was pending, the record suggests that neither the Magistrate Judges who handled his bond, the District Judge, nor the U.S. Probation Office saw Mason as a danger to the community: he was supervised without difficulty while out on bond, and self-reported to the BOP after his sentencing.[3]

---

[3] Mason was arrested in Tennessee on these serious drug charges. At his detention hearing, he overcame the presumption of detention. *See* 18 U.S.C. § 3142(c). He was released and ordered to present himself in this Court for

The PSR provides more background on Mason, in both qualitative and quantitative ways. It contains a letter Mason wrote to the Court revealing in his own words how he had failed to live up to his own expectations. Mason explained, movingly, that he had many titles – "student, athlete, coach, mentor, soldier, missionary, business owner" – but the one thing he "never thought anyone would be able to say was felon." He then told the Court how he had succumbed to "the pressures of the world" in committing his crime and accepted "full responsibility" for his actions. The more objective part of the PSR concluded that Mason's criminal history score was zero and that his original sentencing guidelines range was 70 to 87 months. Apparently determining that justice required a lesser sentence, Judge Barbour ultimately sentenced Mason to 36 months' imprisonment, specifically noting Mason's minor role in the crime and consistent employment history. This sentence comported with the factors set forth under 18 U.S.C § 3553.

On this record—a minor role in the crime, acceptance of responsibility, and only a year left on his sentence—Mason has presented a promising motion for compassionate release. But his health conditions weigh even more heavily toward relief.

It is undisputed that persons with HIV or AIDS are among those "most susceptible to developing serious medical complications from the infection." *Benavides v. Gartland*, No. 5:20-CV-46, 2020 WL 1914916, at *2 (S.D. Ga. Apr. 18, 2020) (citing CDC guidance from April 2019); *see also United States v. Atwi*, No. 18-20607, 2020 WL 1910152, at *5 (E.D. Mich. Apr. 20, 2020) (citing Max Bearak & Joanna Slater, *Among the most vulnerable to coronavirus: The tens of millions who carry HIV and tuberculosis*, Wash. Post, Apr. 9, 2020.). In plain English,

---

his initial appearance, where he was permitted to remain on the same bond. He remained on that bond through sentencing and until he self-reported to BOP.

Mason has a serious condition that comes with a substantially higher than usual "risk of death or permanent injury from COVID-19." *Benavides*, 2020 WL 1914916, at *2 (citation omitted).[4]

It also is undisputed that the BOP facility at which Mason is incarcerated has more active coronavirus cases than almost any other BOP facility in the nation.[5] According to the Bureau's website, as of June 9, 2020, there are 512 confirmed active cases of coronavirus at FCI Forrest City-Low. Bureau of Prisons, *COVID-19*, https://www.bop.gov/coronavirus/ (last accessed June 9, 2020). In April, inmates told the press that sick persons are not being properly quarantined, that there are not enough masks, and that "there are at least 160 inmates sharing one drinking fountain." Paige Cushman, *'It's like Mad Max in here': Arkansas inmate says conditions woeful amid outbreak*, KATV, Apr. 15, 2020, https://katv.com/news/local/its-like-mad-max-in-here-inmates-at-arkansas-prison-panic-amid-outbreak. Although those allegations cannot be independently verified, since that report, the number of positive cases at FCI Forrest City has risen nearly tenfold, from 55 in mid-April to more than 500 in early June. *See id.*

The Court joins many of its sister courts in finding that, in circumstances such as Mason's, the "combination of dire prison conditions and underlying health conditions that increase the likelihood of severe illness from COVID-19" constitute "an 'extraordinary and compelling reason' supporting release." *United States v. Bass*, No. 1:10-CR-166 (LEK), 2020 WL 2831851, at *7 (N.D.N.Y. May 27, 2020) (collecting cases). The Court further finds, as its colleagues here did during the criminal case, that Mason is not a danger to the safety of others or the community. *See* U.S.S.G. § 1B1.13(2).

---

[4] Asthma also exposes Mason to increased risks associated with COVID-19. *See* Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html. As one court has found, "asthma falls squarely within the ambit of preexisting conditions that the CDC has unambiguously explained place [petitioner] at greater risk of COVID-19." *United States v. Gorai*, No. 2:18-CR-220-JCW-CWH, 2020 WL 1975372, at *3 (D. Nev. Apr. 24, 2020).

[5] According to BOP's website, FCI Forrest City-Low is second only to FCI Butner-Low, which has 624 active cases.

4

The government argues that that Mason "has not been free from sanctioned incidents while incarcerated." Docket No. 61 at 10. Apparently, Mason admitted during a disciplinary hearing that on December 20, 2019, he "had a drink." *Id.* But the government also observes that Mason was sanctioned for that transgression; he "lost several privileges including loss of commissary, loss of phone and loss of visitation for a period of 180 days." *Id.* Those sanctions are more than sufficient punishment for a violation of that gravity. The Court does not believe—nor does it think the government is arguing—that a HIV-positive person in FCI Forrest City should be wholly barred from eligibility for compassionate release because he had a drink five days before Christmas.[6] For Mason, the risk of death from coronavirus outweighs the infraction.

The Court has also considered the customary § 3553(a) factors. As mentioned earlier, Judge Barbour found that Mason played a minor role in the crime, had a criminal history score of zero, displayed a consistent employment history, took meaningful responsibility for his illegal conduct, and deserved a significant variance. Nothing about Mason's subsequent conduct in prison disturbs these findings. The undersigned will add only that in this unusual circumstance—one unknowable by the sentencing judge in 2018—a "just punishment" for Mason is one with less risk of death than the status quo currently offers him. 18 U.S.C. § 3553(a)(2)(A). The § 3553(a) factors therefore also support compassionate release.

The last issue is the matter of Mason's quarantine. The government asks that a 14-day pre-release quarantine be served in BOP custody. It is appropriately concerned about persons taking the coronavirus from a BOP facility and spreading it into the community. It is not clear, however, if FCI Forrest City-Low is using the same 14-day quarantine procedure used by FCI

---

[6] Toward the end of its brief, the government observes, correctly, that the Court cannot order Mason to serve the remainder of his sentence at home. Only BOP can choose the location of a federal inmate's confinement. *See United States v. Hembry*, No. 12-CR-119-SI-1, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020).

Butner—another major coronavirus hotspot. Judge Alison Nathan found the FCI Butner quarantine plan "an illogical and self-defeating policy that appears to be inconsistent with the directive of the Attorney General, ungrounded in science, and a danger to both [defendant] and the public health of the community." *United States v. Scparta*, No. 18-CR-578 (AJN), 2020 WL 1910481, at *3 (S.D.N.Y. Apr. 20, 2020). Like Judge Nathan, this Court is also concerned that requiring a defendant unusually vulnerable to serious illness or death at the hands of coronavirus "to wait an additional two weeks . . . could be the difference between life and death." *Id.* at *8. If forced to choose between Mason spending 14 more days in the federal prisons' number two outbreak facility, and self-isolation in a residence, the Court believes the safer course of action is the residence.

**IV.   Conclusion**

The motion for compassionate release is granted. Willie Joe Mason, Jr. is resentenced to time served. The Bureau of Prisons shall release him by close of business on June 12, 2020. *See United States v. Atkinson*, No. 2:19-CR-55-JCM-CWH, 2020 WL 1904585, at *4 (D. Nev. Apr. 17, 2020). Mason's counsel shall coordinate with BOP to arrange transportation from the prison. *See id.* Within 72 hours of his release, Mason shall telephone the U.S. Probation Office to check in, but need not report in person. *See id.*

The original three-year term of supervised release and all of its conditions shall remain in place, with one addition. As a new condition of supervised release, upon his release from BOP custody, Mason is ordered to be quarantined to a location approved by the U.S. Probation Office for a period of 14 days.

**SO ORDERED**, this the 9th day of June, 2020.

                                          s/ Carlton W. Reeves
                                          UNITED STATES DISTRICT JUDGE